# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ALLEN LEVIN,

           Plaintiff,

           v.

KLUEVER & PLATT, LLC,

           Defendant.

**DOCKETED**

MAR 2 7 2003

**03C 2160**

**JUDGE JOHN W. DARRAH**

**JURY DEMANDED**

**MAGISTRATE JUDGE KEYS**

## COMPLAINT — CLASS ACTION

### INTRODUCTION

1.    Plaintiff, Allen Levin, brings this action to secure redress from unlawful collection practices engaged in by defendant Kluever & Platt, LLC ("K&P"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, and 1337 and 15 U.S.C. § 1692k. Venue is proper because defendants does business in the District.

### PARTIES

3.    Plaintiff Allen Levin resides at 1128 Wickfield, Naperville, Illinois 60563. He formerly owned a home at 420 Vine, Wilmette, Illinois, in which he and his late wife lived.

4.    Defendant K&P is a law firm organized as an Illinois limited liability company, with offices at 65 E. Wacker Place, Suite 1700, Chicago, Illinois 60601. It is engaged in the business of collecting consumer debts owed to others, including in particular residential mortgage loans owned or serviced by predatory, high-rate lenders.

## FACTS

5.     On or about June 26, 2000,  plaintiff and his late wife obtained a $28,221 second mortgage loan from Mortgage Express, Inc.   The loan was obtained for personal, household or family purposes.

6.     Plaintiff fell behind on the loan.

7.     On August 30, 2002, K&P filed a foreclosure suit against plaintiff on behalf of the holder or servicer of the loan, 02 CH 15997. A copy of the summons and complaint is attached as Exhibit A.

8.     The service of the summons and complaint was the first communication from K&P to plaintiff.

9.     K&P attached the § 1692g notice to the summons and complaint, as the eighth page in a package consisting of sixteen pages, and inserted between the text of the complaint and the exhibits thereto.

10.     Attaching the § 1692g notice in this manner fails to provide adequate notice to the debtor of his rights under § 1692g.  The notice is unlikely to come to the debtor's notice.  Even if it does, the summons, which is the first page of the package, requires action within 30 days after service, and nothing explains the relationship between the debtor's right to seek verification and the collector's taking of collection action.   In re Martinez, 311 F.3d 1272 (11th Cir. 2002).

11.     It is the policy and practice of K&P to (a) not send a demand letter prior to filing a foreclosure suit and (b) bury the § 1692g notice in the middle of a foreclosure complaint and summons.

12.     The failure to provide notice of the borrower's § 1692g rights is particularly

2

serious because K&P collects loans made by known predatory lenders.

13.     K&P failed to comply with 15 U.S.C. §1692g.

## CLASS ALLEGATIONS

14.     Plaintiffs bring this claim on behalf of a class.  The class consists of (a) all persons (b) against whom K&P filed a mortgage foreclosure or other collection lawsuit (c) and purported to comply with § 1692g by attaching the notice to the end of the text of the complaint (d) where the complaint was filed on or after a date one year prior to the filing of this action.

15.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

16.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether K&P's practice violates § 1692g.

17.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

18.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit cases.

19.     A class action is superior to other alternative methods of adjudicating this dispute.    Most class members are unaware of their rights, the gist of the violation being the presentation of the required notice of their rights in a manner unlikely to come to their attention. Congress expressly provided for class actions to enforce the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS & LATTURNER, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

I:\case\Kluever9.766\pleading\cmplt.fed.wpd

4

# EXHIBIT A

SUMMONS                                                                                (7-90) CCG-I

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

NATIONSCREDIT FINANCIAL SERVICES CORP.                )
                                                      )
PLAINTIFF,   ① 2832   ② 2832                          )
              2120     2220                            )        NO: 02CH15997
VS.                                                   )
                                                      )
①ALLEN LEVIN A/K/A ALLEN H. LEVIN ②HELENE LEVIN A/k/a  )
HELENE L. LEVIN, UNKNOWN OWNERS, GENERALLY, AND        )
NON-RECORD CLAIMANTS.                                  )
                                                      )
DEFENDANTS.                                            )
                                                      )
                                                      )
                                                      )        OCT 1 5 2002

                              SUMMONS

To each defendant:

     YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the
office of the clerk of this court (located in the Richard J. Daley Center, Room 802, Chicago, Illinois 60602, within
30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT
BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY
OF WHICH IS HERETO ATTACHED.

To the officer:

     This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be
returned so endorsed. This summons may not be served later than 30 days after its date.

                                        WITNESS,            AUG 3 0 2002            ,2002

                                        _____
                                        DOROTHY BROWN Clerk of court

Name          Kluever & Platt, LLC.          Date of service: _____,2002
Attorney for  Plaintiffs                     (To be inserted by officer on copy left
Address       65 E. Wacker, Suite 1700       with defendant or other person)
City          Chicago, Illinois 60601              DOROTHY BROWN
Telephone     (312) 201-6679                       CLERK OF CIRCUIT COURT
Atty. No.     38413

     DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



CODED
BY
A.B.B.

A mortgage foreclosure is a lawsuit to repossess your house.
**IMPORTANT INFORMATION FOR DEFENDANTS**
**IN A RESIDENTIAL FORECLOSURE**
(This information does not apply to a commercial foreclosure. Consult an attorney for advice.)

## YOU HAVE RIGHTS DURING THE FORECLOSURE

1.    POSSESSION: The lawful occupants may be able to live in the house until a judge enters an order of eviction.

2.    OWNERSHIP: You may have the right to sell the house or refinance the mortgage during the redemption period.

3.    REINSTATEMENT: You may have the right to bring the mortgage current within 90 days after you receive this Summons.

4.    REDEMPTION: You may have the right to pay off the loan during the redemption period.

5.    SURPLUS: You have the right to petition for any excess money that results from a foreclosure sale of the house.

6.    WORKOUT OPTIONS: The mortgage company does not want to foreclose the mortgage if there is any way to avoid it.  Call the mortgage company or its attorneys to find out the alternatives to foreclosure.

7.    GET ADVICE: This information is not exhaustive and does not replace the advice of a professional.  You may have other options.  Get professional advice from a lawyer or certified housing counselor about your rights and options to avoid foreclosure.

8.    A LAWYER: If you do not have a lawyer, and are able to afford one, you may call one of the following Lawyer Referral Services and ask them to recommend a lawyer for you.
     a.    Chicago Bar Association Lawyer Referral Service: (312) 554-2001
     b.    Cook County Bar Association Lawyer Referral Service: (312) 630-1157
     c.    Other Lawyer Referral Services are listed in your telephone directory.
     If you cannot afford a lawyer, you may call one of the following agencies that may be able to provide you with free legal help:
     a.    *Legal Assistance Foundation of Chicago: (312) 341-1070
     b.    Horizon Legal Center: (312) 360-9455
     c.    *Chicago Legal Clinic: (312) 731-1762
     d.    *Chicago Volunteer Legal Services: (312) 332-1624
          (* se habla Español)

## PROCEED WITH CAUTION

     You may be contacted by people offering to help you to avoid foreclosure.  Please follow these precautions:
(i)    Get legal advice before entering into any deal involving your house.
(ii)   Get legal advice before you pay money to any person offering to help you avoid foreclosure.
(iii)  Do not sign any papers you do not understand.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## SERVICE LIST

Please serve:

Allen Levin a/k/a Allen H. Levin
420 Vine Street
Wilmette, IL  60091

Helene Levin a/k/a Helene L. Levin
420 Vine Street
Wilmette, IL  60091

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

NATIONSCREDIT FINANCIAL SERVICES CORP. 2002 AUG 30 PH 3: 43

PLAINTIFF,

VS.                                                                NO. **02CH15997**

|  |  |
|---|---|
| 010082-CH.2.1 08/30/2002 15:53 | |
| REF ATTORNEY NO: 39413 | |
| 1 MORTGAGE FORCLOSURE | 190.00 |
| REF CASE # 02CH015997 | |
| 1 AUTOMATION | 5.00 |
| 1 DOCUMENT STORAGE | 5.00 |
| 1 LIBRARY | 10.00 |
| 1 DISPUTE RESOLUTION | 1.00 |
| 1 ARBITRATION FEE | 10.00 |
|  | 221.00 |

ALLEN LEVIN A/K/A ALLEN H. LEVIN, HELENE
LEVIN A/k/a HELENE L. LEVIN, UNKNOWN
OWNERS, GENERALLY, AND NON-RECORD
CLAIMANTS.

DEFENDANTS.

### COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

Plaintiff, Nationscredit Financial Services Corp. ("Nations") by its attorneys, Klueyer & Platt,

LLC, hereby files its Complaint against the Defendants, and states as follows:

1.     Plaintiff files this Complaint to foreclose the mortgage hereinafter described and joins

the following persons as defendants:

      (i)     Allen Levin a/k/a Allen H. Levin;

      (ii)    Helene Levin a/k/a Helene L. Levin;

      (iii)   Unknown Owners Generally; and

      (iv)    Non-Record Claimants

2.     Plaintiff annexes the following Exhibits which are true and correct copies of the

originals thereof:

      (a)     Exhibit "A" is a true and correct copy of the promissory note ("Note") dated June 26,

          2000 in the principal amount of $28,221.00 and;

      (b)     Exhibit "B" is a true and correct copy of the Mortgage ("Mortgage") dated June 26,

          2000 with Mortgage Express, Inc., as Mortgagee and Defendant, Allen Levin a/k/a

Allen H. Levin and Helene Levin a/k/a Helene L. Levin and Helene Levin a/k/a Helene L. Levin as Mortgagor securing payment of the Note (hereinafter the "Mortgage");

(iii)   Exhibit "C" is a true and correct copy of the Assignment of the Mortgage from Mortgage Express, Inc. recorded February 1, 2001 as document 0010088908.3.

Information concerning the Mortgage:

| | | |
|---|---|---|
| (a) | Nature of Instrument: | Mortgage; |
| (b) | Date of Mortgage: | June 26, 2000 |
| (c) | Name of Mortgagor: | Allen Levin a/k/a Allen H. Levin and Helene Levin a/k/a Helene L. Levin; |
| (d) | Name of Mortgagee in the Mortgage: | Mortgage Express, Inc. |
| (e) | Date and Place of Recording: | July 13, 2000, Cook County Recorder's Office |
| (f) | Identification of Recording: | Document No. 00521528 |
| (g) | Interest encumbered by the Mortgage | Fee Simple; |
| (h) | Amount of Original Indebtedness: | $ 28,221.00 |
| (i) | Legal Description of Premises: | |

LOT 2 IN ALPERS RESUBDIVISION OF LOT 21 IN 5TH ADDITION TO HOLLYWOOD IN WILMETTE BEING A SUBDIVISION OF PARTS OF CERTAIN LOTS IN COUNTY CLERK DIVISION IN SECTION 32, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

P.I.N.   05-32-407-012
COMMON ADDRESS:      420 Vine Street, Wilmette, IL 60091

(j)   Statements as to Default and Amount Now Due:

Mortgagor has defaulted in the payment of principal and interest when due on May 30, 2002 each and every month thereafter.

As a result of the foregoing defaults, Plaintiff has elected under the terms and conditions of the Note and Mortgage to declare immediately due and payable the entire principal balance and other sums secured by the Mortgage.

As of August 5, 2002 the following amounts were due and owing from Mortgagors to Plaintiff:

| | | |
|---|---|---|
| 1. | Outstanding Principal Balance | $26,952.18 |
| 2. | Accrued Interest | $942.42 |
| 3. | Advances | $1,957.06 |
| 4. | Late Fees | $338.96 |
| 5. | NSF Fees | $10.00 |

Total amount due as of August 5, 2002                              $30,200.62

Plus costs and attorneys fees incurred in connection herewith.

### PER DIEM INTEREST

Interest continues to accrue upon the principal amount at the default rate of $9.59 per diem as of August 6, 2002.

(k) Name of Present Owner of the Premises: Allen Levin a/k/a Allen H. Levin and Helene Levin a/k/a Helene L. Levin;

(l) Name or Names of Persons, In addition to Such Owner or Owners, But Excluding Any Non-Record Claimants As Defined In the Illinois Mortgage and Foreclosure Act, As Heretofore And Hereafter Amended Who Are Joined As Defendants And Whose Equitable Right To Redeem Is Sought To Be Barred:

(ii) Unknown Owners

(m) Name of Person Claimed to Be Personally Liable for Deficiency: Allen Levin a/k/a Allen H. Levin and Helene Levin a/k/a Helene L. Levin;

(n)    Capacity in Which Plaintiff Brings this Suit:  Plaintiff is obligee and legal holder of the indebtedness secured by the Mortgage and evidenced by the Note;  by virtue of assignment of mortgage recorded; on February 1, 2001, as document no. 0010088908.

(o)    Facts in support of shortened redemption period:  None at this time.

(p)    Plaintiff seeks inclusion in the decree of Plaintiff's attorney's fees and of the costs and expenses of this action in accordance with the terms of the Note and Mortgage;

WHEREFORE, Plaintiff, Nationscredit Financial Services Corp., prays for the following relief:

(a)    Foreclosure of its mortgage;

(b)    Judicial Sale of the subject property for payment of the lien and costs;

(c)    Confirmation of sale and the issuance of a certificate of sale to the purchaser;

(d)    A personal deficiency decree;

(e)    Its reasonable costs and expenses including, but not limited to, its attorney's fees; and

(f)    Such other further and equitable relief as the Court deems just.


Nationscredit Financial Services Corp.

By: _____
     One of its attorneys


Kluever & Platt, LLC.
65 E. Wacker Place, Suite 1700
Chicago, Illinois 60601
(312) 201-6679
Attorney No. 38413

### NOTICE REQUIRED BY THE FAIR DEBT COLLECTION
### PRACTICES ACT, (the "Act"), 15 U.S.C. Section 1601 as Amended

1. The amount of the debt is stated in paragraph four of the Complaint attached hereto.

2. The plaintiff as named in the attached Summons and Complaint is the creditor to whom the debt is owed or is the servicing agent for the creditor to whom the debt is owed.

3. The debt described in the complaint attached hereto and evidenced by the copy of the mortgage note attached hereto and evidenced by the copy of the mortgage note attached hereto will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the creditor's law firm (see paragraph 6 below) in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. The name of the original creditor is set forth in the Mortgage and Note attached hereto. If the creditor named as Plaintiff in the attached summons and Complaint is not the original creditor, and if the debtor makes a written request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written requests should be addressed to Kluever & Platt, LLC., 65 E. Wacker Place, Ste. 1700, Chicago, Illinois 60601.

JAN-2003 12:cv-02660 Document #: 1 Filed: 03/26/03 Page 14 of 23 PageID #:14
08/28/02  13:40 FAX 312 756  773     FIRST AMERICAN     (FAX)3125412749

P. 007/024

☑022/031
Law Bulletin Public Records

Lawyers Title Insurance Corporation

## 00521528

4632/0154 07 001 Page 1 of    0
2000-07-13  12:09:50
Cook County Recorder      57.50

0052:528

This Instrument was prepared by:

**MICHELLE REDINI**
MORTGAGE EXPRESS INC.
11 W. Park
Villa Park, IL 60181
(Address)

Loan No. W8312.1

LTIC 00-02546   | **MORTGAGE** |

THIS MORTGAGE is made this   26TH   day of   JUNE, 2000
ALLEN LEVIN AND HELENE LEVIN, HIS WIFE IN JOINT TENANCY

, between the Mortgagor,

(herein "Borrower"),

and the Mortgagee, **MORTGAGE EXPRESS, INC.**

, a corporation organized

and existing under the laws of   ILLINOIS
11 W. Park Villa Park, IL 60181

, whose address is

(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 28,221.00       , which indebtedness
is evidenced by Borrower's note dated JUNE 26, 2000                and extensions and renewals thereof (herein
"Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due
and payable on   JUNE 30, 2015

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance
of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the
following described property located in the County of   COOK                        , State of
Illinois:
SEE ATTACHED LEGAL DESCRIPTION

PIN# 05-32-407-013

which has the address of   420 VINE CT                                        WILMETTE
                                                    (Street)                                                         (City)

Illinois     60091                (herein "Property Address");
                (Zip Code)

| ILLINOIS - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT |

Form 3814

LFT #FNMA3814 10/95     Page 1 of 5     Initials: HL A.L.

3

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the property covered by this Mortgage and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property".

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender, provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

---

ILLINOIS · SECOND MORTGAGE · 1/80 · FNMA/FHLMC UNIFORM INSTRUMENT

Form 3814

Law Forms Inc (800) 446-5555
UF# NAA3814 10/96    Page 2 of 5    Initials: HJ AL

00521528

In the event of loss Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

---

**ILLINOIS** · SECOND MORTGAGE · 1/80   FNMA/FHLMC UNIFORM INSTRUMENT

Form 3814

Laser Format Inc. (800) 446-1555

LIFT #FNMA3814 16/46      Page 3 of 5      Initials: _HA OC._

00521528

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

ILLINOIS - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3874

Page 4 of 5    Initials _____

00521528

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)
ALLEN LEVIN                               -Borrower

_____ (Seal)
HELENE LEVIN                              -Borrower

_____ (Seal)
                                          -Borrower

_____ (Seal)
                                          -Borrower

STATE OF ILLINOIS,                                  County ss:

I, _____Undersigned_____ a Notary Public in and for said county and state, do hereby
certify that  ALLEN LEVIN AND HELENE LEVIN, HIS WIFE IN JOINT TENANCY

personally known to me to be the same person(s) whose name(s)   ARE    subscribed to the foregoing instrument, appeared
before me this day in person, and acknowledged that   THEY    signed and delivered the said instrument as his/her/their
free voluntary act, for the uses and purposes therein set forth

    Given under my hand and official seal, this   26TH    day of   JUNE 26, 2000

My Commission expires,

**OFFICIAL SEAL**
**JEAN F DEPKON**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 05-14-03

ILLINOIS - SECOND MORTGAGE - 80 - FNMA/FHLMC UNIFORM INSTRUMENT
Form 3814
Laser Forms Inc (800) 446-3555
LIFT #FNMA3814 7/94     Page 5 of 5     Initials:  HL  AL.

**00521528**

LEGAL DESCRIPTION:
LOT 2 IN ALPERS RESUBDIVISION OF LOT 21 IN 5TH ADDITION TO HOLLYWOOD IN WILMETTE BEING A
SUBDIVISION OF PARTS OF CERTAIN LOTS IN COUNTY CLERK DIVISION IN SECTION 12, TOWNSHIP 42
NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

00521528

0010068908

9737/0041 93 001 Page 1 of  2
2001-02-01 13:53:41
Cook County Recorder  23.50

0010088908

RECORD AND RETURN TO: ELOICE WALKER
Equicredit Corp./Sec. Mtg./Doc. Control
P.O. Box 44138
Jacksonville, FL 32231 9967

Mortgage Express, Inc
11 West Park Blvd
Villa Park, IL 60181

[Space Above This Line For Recording Data]

## ASSIGNMENT OF REAL ESTATE MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
Equicredit Corporation  & Owner. Co.  10401 DEERWOOD PARK BLVD., JACKSONVILLE, FL 32256-0505
all the rights, title and interest of undersigned in and to that certain Real Estate Mortgage dated 06/26/00
and executed by ALLEN LEVIN and HELENE LEVIN, HIS WIFE IN JOINT TENANCY

to MORTGAGE EXPRESS, INC., a CORPORATION organized under the laws of THE STATE OF ILLINOIS
and whose principal place of business is 11 West Park Blvd, Villa Park, Illinois 60181 and recorded in
Book/Volume No. 4032 .page(s) 0154 , as Document No. 00521528
COOK County Records, State of
SEE ATTACHED LEGAL DESCRIPTION

Rec. 07-13-00

8790458783

PIN# 05-32-407-012
COMMONLY KNOWN AS  420 VINE CT, WILMETTE, IL 6009!

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and
all rights accrued under said Real Estate Mortgage.

STATE OF ILLINOIS
COUNTY OF COOK

I, the undersigned, a Notary Public in and for the County and State
aforesaid, DO HEREBY CERTIFY THAT
Andrew Trikoselli, Assistant Secretary
personally known to me to be the duly sworn authorized agent(s) of the
ASSIGNOR and personally known to me to be the same person(s) whose
name(s) subscribed to the foregoing instrument, appeared before me this day
in person and acknowledged that as such duly authorized agent(s), signed
and delivered the same instrument as their authorized agent(s) of the
ASSIGNOR as a free and voluntary act, and as a free and voluntary act and
assignment of said ASSIGNOR, for the uses and purposes therein set forth.
Given under my hand and official seal, this  26  day
of  JUNE  20  00  by
Notary Public  Annette Franco
Cook  County
My Commission Expires  1-2-03
MRASSGN1

Notary Public - Annette Franco

MORTGAGE EXPRESS, INC.
AN ILLINOIS CORPORATION

By.
Title:  Andrew Trikoselli  Assistant Secretary
By.
Title
Title

This area for official notary seal

23.50

OFFICIAL SEAL
ANNETTE FRANCO
Notary Public, State of Illinois
My Commission Expires 3/31/01

8790458783

**LEGAL DESCRIPTION:**
LOT 2 IN ALPERS RESUBDIVISION OF LOT 21 IN 5TH ADDITION TO HOLLYWOOD IN WILMETTE BEING A
SUBDIVISION OF PARTS OF CERTAIN LOTS IN COUNTY CLERK DIVISION IN SECTION 32, TOWNSHIP 42
NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

8068800100

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Allen Levin

FILED-EDS
03 MAR 26 PM 4: 27

**DEFENDANTS**
Kluever & Platt, LLC

DOCKETED
MAR 2 7 2003

**(b)** County of Residence of First _____ Cook _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
EDELMAN, COMBS & LATTURNER, LLC.
120 S. LASALLE STREET 18TH FLOOR
CHICAGO, IL 60603
(312) 739-4200

Attorney (If Known)

JUDGE JOHN W DARRAH

03C 2160

MAGISTRATE JUDGE KEYS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

X 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | X 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq.

## VII. REQUESTED IN COMPLAINT:
X CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE 3/26/03

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

In the Matter of: Allen Levin v. Kluever & Platt, LLC



Case Number:

**03C 2160**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

| Plaintiff | DOCKETED | JUDGE JOHN W DARRAH |
|---|---|---|
| | MAR 2 7 2003 | MAGISTRATE JUDGE KEYS |

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Daniel A. Edelman | NAME Cathleen M. Combs |
| FIRM Edelman, Combs & Latturner | FIRM Edelman, Combs & Latturner |
| STREET ADDRESS 120 S. LaSalle Street, 18th Floor | STREET ADDRESS 120 S. LaSalle Street, 18th Floor |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (312) 739-4200 | TELEPHONE NUMBER (312) 739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00712094 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00472840 |
| MEMBER OF TRIAL BAR? YES X NO | MEMBER OF TRIAL BAR? YES X NO ☐ |
| TRIAL ATTORNEY? YES X NO | TRIAL ATTORNEY? YES X NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME James O. Latturner | NAME Francis R. Greene |
| FIRM Edelman, Combs & Latturner | FIRM Edelman, Combs & Latturner |
| STREET ADDRESS 120 S. LaSalle Street, 18th Floor | STREET ADDRESS 120 S. LaSalle Street, 18th Floor |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (312) 739-4200 | TELEPHONE NUMBER (312) 739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 01588095 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06272313 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO X |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES ☐ NO X |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X |