**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION** FILED FOR DOCKETING

**03 MAY 19 PM 4:35**

CLERK
**U.S. DISTRICT COURT**

DOCKETED
MAY 20 2003

| | |
|---|---|
| ALLEN LEVIN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03 C 2160 |
| | ) |
| KLEUVER & PLATT, LLC, | ) Judge John W. Darrah |
| | ) Magistrate Judge Keys |
|     Defendant. | ) |
| | ) |
| | ) |

FILED
MAY 19 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:    Daniel A. Edelman
        Edelman, Combs & Latturner, LLC
        120 South LaSalle Street, 18th Floor
        Chicago, Illinois 60603
        Chicago, Illinois 60602


    PLEASE TAKE NOTICE that on the 19th day of May, 2003, we filed with the Clerk of the United State District Court, Northern District of Illinois, Eastern Division the attached Defendant Kluever & Platt's Answer to Plaintiff's Complaint, a copy of which is hereby served upon you.

                              _Atonio Littleton_
                              One of Defendant's Attorneys

David M. Schultz
Atonio P.Littleton
HINSHAW & CULBERTSON
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
(312) 704-3000
(312) 704-3001 (fax)
Firm I.D. No. 90384

7

## CERTIFICATE OF SERVICE

I, Atonio P. Littleton, an attorney, certify that I served this notice by mailing a copy to each party to whom it is directed, by depositing the same in the U.S. Mail Chute located at 222 North LaSalle Street, Chicago, Illinois, before the hour of 5:00 p.m., on the 19th day of May, 2003, with proper postage prepaid.

Atonio P. Littleton

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN LEVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 03 C 2160 |
| | ) |
| KLUEVER & PLATT, LLC | ) Judge John W. Darrah |
| | ) |
| Defendant. | ) Magistrate Judge Keys |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, KLUEVER & PLATT, LLC, by and through its attorneys, David M. Schultz
and Atonio P. Littleton, and for its Answer to Plaintiff's Complaint, states as follows:

### I. Preliminary Statement

1. Plaintiff, Allen Levin, brings this action to secure redress from unlawful
collection practices engaged in by defendant Kluever & Platt, LLC ("K&P"), in violation of the
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER:** **Defendant admits that Plaintiff's complaint purports to state a claim for
violations of the Fair Debt Collection Practices Act ("FDCPA"), but Defendant denies that
it violated the FDCPA or that plaintiff is entitled to relief under the FDCPA.**

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S. C. §1331, and 1337 and 15 U.S.C.
§1692k. Venue is proper because defendant does business in the District

**ANSWER:** **Defendant admits that venue is proper.**

5638371v1 827927

## PARTIES

3.     Plaintiff Allen Levin resides at 1128 Wickfield, Naperville, Illinois 60563. He formerly owned a home at 420 Vine, Wilmette, Illinois, in which he and his late wife lived.

**ANSWER:     Based upon information and belief, Defendant admits the allegations contained in the first sentence of paragraph 3. Defendant admits the remaining allegations contained in paragraph 3.**

4.     Defendant K&P is a law firm organized as an Illinois limited liability company, with offices at 65 E. Wacker Place, Suite 1700, Chicago, Illinois 60601. It is engaged in the business of collecting consumer debts owed to others, including in particular residential mortgage loans owned or serviced by predatory, high-rate lenders.

**ANSWER:     Defendant admits that it is a law firm and a limited liability company organized under the laws of the State of Illinois, with offices located at 65 E. Wacker Place, Suite 1700, Chicago, Illinois 60601. Defendant admits that a part of its practice involved collecting consumer debts. Further answering, defendant denies the remaining allegations contained in paragraph 4 of plaintiff's complaint.**

## FACTS

5.     On or about June 26, 2000, plaintiff and his late wife obtained a $28,221 second mortgage loan from Mortgage Express, Inc. The loan was obtained for personal, household or family purposes.

**ANSWER:     Defendant admits the first sentenced contained in paragraph 5. Based upon information and belief Defendant admits the remaining allegations contained in paragraph 5.**

6.     Plaintiff fell behind on the loan.

2

**ANSWER:** **Defendant admits the allegations contained in Paragraph 6.**

7.      On August 30, 2002, K&P filed a foreclosure suit against plaintiff on behalf of the holder or servicer of the loan, 02 CH 15997. A copy of the summons and complaint is attached as Exhibit A.

**ANSWER:** **Defendant admits that it filed a foreclosure suit on August 30, 2002, against plaintiff on behalf of the holder of the loan. Defendant admits that a copy of the summons and complaint was attached as Exhibit A.**

8.      The service of the summons and complaint was the first communication from K&P to plaintiff.

**ANSWER:** **Defendant admits the allegations contained in paragraph 8 of plaintiff's complaint.**

9.      K&P attached the §1692g notice to the summons and complaint, as the eighth page in a package consisting of sixteen pages, and inserted between the text of the complaint and the exhibits thereto.

**ANSWER:** **Defendant admits only that included with the summons and foreclosure complaint was a §1692g notice advising plaintiff of his rights pursuant to the FDCPA.**

10.     Attaching the §1692g notice in this manner fails to provide adequate notice to the debtor of his rights under §1692g. The notice is unlikely to come to the debtor's notice. Even if it does, the summons, which is the first page of the package, requires action within 30 days after service, and nothing explains the relationship between the debtor's right to seek verification and the collector's taking of collection action. In re Martinez, 311 F.3d 1272 (11th Cir. 2002).

3

**ANSWER:** Defendant denies the allegations contained in paragraph 10 of plaintiff's complaint.

11.     It is the policy and practice of K&P to (a) not send a demand letter prior to filing a foreclosure suit and (b) bury the §1692g notice in the middle of a foreclosure complaint and summons..

**ANSWER:** Defendant admits that it does not send a demand letter prior to filing a foreclosure suit. Defendant denies that such a letter is required and denies the remaining allegations.

12.     The failure to provide notice of the borrower's §1692g rights is particularly serious because K&P collects loans made by known predatory lenders

**ANSWER:** Defendant denies the allegations contained in Paragraph 12.

13.     K&P failed to comply with 15 U.S.C. §1692g

**ANSWER:** Defendant denies the allegations contained in Paragraph 13.

14.     Plaintiffs bring this claim on behalf of a class. The class consists of (a) all persons (b) against whom K&P filed a mortgage foreclosure or other collection lawsuit (c) and purported to comply with §1692 by attaching the notice to the end of the text of the complaint (d) where the complaint was filed on or after a date one year prior to the filing of this action.

**ANSWER:** Defendant admits that plaintiff attempts to bring a class action lawsuit on behalf of a purported class. Defendant denies the remaining allegations contained Paragraph 14.

15.     The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

5638371v1 827927

**ANSWER:** **Defendant denies that there is a class for purposes of a class action lawsuit.**

16. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether K&P's practice violates §1692g.

**ANSWER:** **Defendant denies that there is a class for purposes of a class action lawsuit.**

17. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** **Defendant denies that there is a class for purposes of a class action lawsuit..**

18. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit cases.

**ANSWER:** **Defendant denies that there is a class for purposes of a class action lawsuit.**

19. A class action is superior to other alternative methods of adjudicating this dispute. Most class members are unaware of their right, the gist of the violation being the presentation of the required notice of their rights in a manner unlikely to come to their attention. Congress expressly provided for class actions to enforce the FDCPA.

**ANSWER:** **Defendant admits that Congress expressly provided for class actions to enforce the FDCPA. Defendant denies that this case is appropriate for a class action lawsuit.**

### FIRST AFFIRMATIVE DEFENSE

5

For its affirmative defense, Defendant states that any violation of the FDCPA which Defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action. Defendant provided the requisite notice in compliance with the FDCPA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff agreed to reinstate the mortgage referred to in plaintiff's complaint. Plaintiff's claim is barred by the Voluntary Pay doctrine and/or accord and satisfaction.

WHEREFORE, Defendant, prays for entry of judgment for Defendant and against Plaintiff.

Respectfully submitted,

Kluever & Platt, LLC

By: _____

One of its attorneys

HINSHAW & CULBERTSON
David M. Schultz
Atonio P. Littleton
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

5638371v1 827927