Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2160 | **DATE** | 11/19/2003 |
| **CASE TITLE** | Levin vs. Kluever & Platt LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary judgment [10-1] is denied and plaintiff's cross motion for summary judgment [17-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 19 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/19/2003 date mailed notice | |
| MF | courtroom deputy's initials | 03 NOV 20 AM 12:43 FILED FOR DOCKETING Date/time received in Central Clerk's Office | MF mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN LEVIN,                          )
                                      )
         Plaintiff,                   )
                                      )
   v.                                 )   No: 03 C 2160
                                      )
KLUEVER & PLATT, LLC,                 )   Judge John W. Darrah
                                      )
         Defendant.                   )

DOCKETED NOV 1 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allen Levin ("Levin"), filed suit against Defendant, Kluever & Platt, LLC ("Kluever"). Levin alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the Act"). Presently before the Court are Kluever's Motion for Summary Judgment and Levin's Cross-Motion for Summary Judgment. For the reasons that follow, both Motions for Summary Judgment are denied.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to

demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

On August 30, 2003, Kluever filed a foreclosure suit against Levin on behalf of the holder and servicer of Levin's mortgage loan. Pl.'s 56.1 ¶ 9. The service of the summons and the complaint was the first communication Levin had with Kluever. Pl.'s 56.1 ¶ 10. The foreclosure complaint, including the summons, filed by Kluever consisted of a total of sixteen pages. Pl.'s 56.1 ¶ 11.

2

The first page of the complaint and summons stated that Levin must answer the complaint within thirty days after the service of the summons. The first page also stated that "IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAYBE [sic] TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT . . . ." Def.'s 56.1 ¶ 6-7; Def.'s Ex. C. The eighth page of the foreclosure complaint filed by Kluever against Levin contained notices required under 15 U.S.C. § 1692g. Pl.'s 56.1 ¶ 12. Nothing in the whole packet received by Levin explained the relationship between Levin's rights under the Act and Kluever's right to seek a default judgment. Def.'s 56.1 ¶ 7.

## ANALYSIS

Section 1692g requires a debt collector to provide written notice to the consumer of certain rights guaranteed under the Act. One of these rights is known as validation. Generally, a debt collector's initial communication must include notice of this right. The notice sent by the debt collector must inform the consumer that he or she has given thirty days to ask the debt collector to verify the validity of the debt and the name of the original creditor. In addition, the notice must also tell the consumer that if he or she fails to respond to the debt collector within thirty days, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a).

"If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed or that the consumer requests the name and address of the original creditor, the debt collector *shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt* . . . ." 15 U.S.C. § 1692g(b) (emphasis added). The debt collector must also stop pursuing any legal action, including the opportunity to seek a default judgment in a court proceeding. *See, e.g., Bartlett v.*

3

*Heibl*, 128 F.3d 497, 502 (7th Cir. 1997). If the debt collector violates the statute, the consumer is entitled to receive statutory damages, in addition to any actual damages incurred by the failure to receive proper notice. 15 U.S.C. § 1692k(a).

As noted above, the Act requires that a debt collector's initial communication includes a notice of the debtor's rights under the Act. 15 U.S.C. § 1692g. "The statute does not say in so many words that the disclosures required by it must be made in a nonconfusing manner. But the courts, our own included, have held, plausibly enough, that it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett*, 128 F.3d 497, 500 (7th Cir. 1997).

According to Kluever, nothing in 15 U.S.C. § 1692g requires that the validation notice be the first document shown to a consumer.[1] However, "[t]he key consideration is 'that the unsophisticated consumer is protected against confusion whatever form it takes.'" *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (quoting *Bartlett*, 128 F.3d at 500). According to Kluever, the determination of whether an unsophisticated consumer would be confused by a particular form of notice is a question of fact. *Marshall-Mosby*, 205 F.3d at 326.

Confusion can take place by either contradicting or overshadowing the required statutory notice. *Bartlett*, 128 F.3d at 500. Failing to explain the relationship between the threat of default

---

[1] Kluever has also cited the district court opinion in *Walker v. National Recovery*, 42 F. Supp. 2d 773 (N.D. Ill. 1999), which held that the debt collection letter, which also included the validation notice language, did not violate the Act. However, that opinion was overruled by the Seventh Circuit. *Walker v. Nat'l Recovery*, 200 F.3d 500 (7th Cir. 2000). Kluever's attorneys explain that this was simply "an error in citation."

and the statutory right of validation by not including notices that a default judgment will not be taken against a consumer who seeks validation of his debt may violate the Act. *See In re Martinez*, 271 B.R. 696, 701-02 (S.D. Fla. 2001), *aff'd* 311 F.3d 1272 (11th Cir. 2002) (*per curiam*) (explaining that "prominently positioning" the default language over the statutory notices of the Act creates the potential for consumer confusion if no additional explanation is included).

Here, Kluever served Levin, the debtor, with a package consisting of sixteen pages. The first three pages contain the summons. The next four pages are the text of the foreclosure complaint. The last eight pages are the exhibits, which are identified in the foreclosure complaint as the mortgage and the assignment of the mortgage.

After the summons and the foreclosure complaint, and before the exhibits, on the eighth page of the package, is the required § 1692g notice. The § 1692g notice is not referred to or identified in the complaint or on any other document in the package.[2] It cannot be said that the statutory right of validation was not contradicted by the default notice. Therefore, a genuine issue of material fact exists as to whether the documents provided by Kluever would not confuse an unsophisticated consumer; and Kluever's Motion for Summary Judgment is denied.

---

[2] In Kluever's statement of uncontested material facts, the foreclosure complaint and the § 1692g notice are separated as different exhibits. The foreclosure complaint and exhibits, minus the § 1692g notice are Exhibit A. The § 1692g notice is Exhibit B. Levin notes that there has been no evidence presented showing that the validation notice was presented to any consumer in this fashion and claims this rearrangement was an attempt to convince the court that the validation notice was conspicuous and to minimize the confusion of the actual order and arrangement of presentation of the notice to the consumer. However, according to Kluever, the documents were separated only "to make it more convenient for the court to review."

Plaintiffs, however, cannot prevail solely on the language and arrangement of a defendant's foreclosure papers. Levin argues that recent decisions in this district have granted summary judgment to plaintiffs even if the foreclosure letter did not expressly contradict the § 1692g notice. *See Kort v. Diversified Collection Servs., Inc.*, 270 F. Supp. 2d 1017 (N.D. Ill. 2003); *Whitten v. ARS Nat'l Servs., Inc.*, 00 C 6080, 2002 WL 1332001 (N.D. Ill. Jun. 18, 2002); *Matthews v. First Revenue Assurance, L.L.C.*, 00 C 3711, 2001 WL 864272 (N.D. Ill. July 31, 2001). However, these decisions did not discuss the issue of the physical arrangement and location of the § 1692g notice as confusing. The Court has before it only the complaint, the summons, and the statutory notice Levin received from Kluever. Levin did not present any evidence showing that an unsophisticated consumer would be confused by these documents as to his or her statutory rights under the Act. *See, e.g., Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999) ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade. To learn how an unsophisticated reader reacts to a letter, the judge may need to receive evidence."). An issue of material fact exists in this regard.


## **CONCLUSION**

For the foregoing reasons, Kluever's Motion for Summary Judgment and Levin's Cross-Motion for Summary Judgment are both denied.

Dated: November 19, 2003

JOHN W. DARRAH
United States District Judge