Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2160 | DATE | 11/19/2003 |
| CASE TITLE | Levin vs. Kluever & Platt LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 1/8/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, plaintiff's motion for class certification [3-1] is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 19 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/19/2003 | |
| MF | courtroom deputy's initials | 03 NOV 20 AM 12:43 FILED FOR DOCKETING date/time received in central Clerk's Office | date mailed notice MF mailing deputy initials | |

by Levin explained the relationship between Levin's rights under the Act and Kluever's right to seek a default judgment. Thereafter, Levin sued Kluever for violating the Act.

Section 1692g requires a debt collector to provide written notice, in its initial communication (or five days thereafter) to the consumer, of certain rights guaranteed under the Act, including the right of validation. The notice sent by the debt collector must inform the consumer that he or she has given thirty days to asks the debt collector to verify the validity of the debt and the name of the original creditor. The notice must also tell the consumer that if he or she fails to respond to the debt collector within thirty days, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a).

The Act provides damages against any debt collector who does not comply with its provisions. Actual damages may be granted to a consumer who is injured because of a debt collector's failure to follow the provisions of the Act. The Act also authorizes statutory penalties. In a class action, the named plaintiffs may recover up to $1,000.00, while all other class members may recover the lesser of $500,000 or one percent of the net worth of the debt collector. In addition, attorneys that successfully enforce the Act may recover a reasonable amount of fees. 15 U.S.C. § 1692k(a).

## ANALYSIS

To receive class certification, Plaintiffs must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiffs must also satisfy at least one of the three provisions under Rule 23(b).

*Numerosity*

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). A plaintiff does not need to demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates. *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997). "Common sense assumptions" can be made in order to support a finding of numerosity. *Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984).

In this case, Levin alleges Kluever has filed over 100 foreclosures a year, all of which contain the same alleged statutory violation. The plaintiff also included specific examples of other alleged violations. In its response, Kluever admits the class size is 1,235. Therefore, the prospective class meets the numerosity requirement.

*Commonality and Typicality*

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it: (1) arises from the same event, practice, or course of action that gives rise to the claims of other class members; and (2) the claims of the plaintiff and the class members are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

3

Here, Levin alleges that Kluever committed the same statutory violation for each prospective class member. According to Levin, each class member received a foreclosure complaint that contained the written statutory notices in the middle of the summons and complaint. Common questions of law and fact exist between the class members; the claims arise from the same practice used by Kluever; and the claims of the Levin and the other prospective class members are based on the same legal theory. Therefore, the commonality and typicality requirements have been met by the prospective class.

*Adequacy of Representation*

The class representatives must "fairly and adequately protect the interests of the class". Fed. R. Civ. P. 23(a). Two factors are used to determine whether the class is adequately represented. First, no conflicts of interest must exist between the named plaintiffs and the class members. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996). Second, the named plaintiff's counsel must adequately protect the interests of the class by being qualified, experienced, and generally able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018.

In the case at bar, both Levin and the class member seek money damages for identical statutory violations. In addition, Levin has retained an experienced counsel that is qualified to handle a class-action matter. No conflicts of interest exist between Levin and the class members, and Levin's counsel will adequately protect the interests of the class. Accordingly, the adequacy requirement has been met by the prospective class.

## *Rule 23(b)(3)*

Plaintiff seeks class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Here, there is only one factual and legal issue: whether Kluever failed to comply with 15 U.S.C. § 1692g by inserting the notice, without a specific reference, between the text of a foreclosure complaint and the mortgage and loan documents. Therefore, the common questions of law and fact predominate.

Finally, Kluever contends that the class action is not a superior means to adjudicate these issues because the costs to administer the funds to the class will exceed the recovery of the class. According to Kluever, their net worth is only $254,715.24; thus, a total recovery of only $2,547.15 would be available for all 1,235 class members.

However, even if the class recovery is as small as Kluever claims, a class action may still be certified. "[W]e believe that a de minimis [sic] recovery should not automatically bar a class action." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1995). In addition, "[a] class will also allow the individual class members to avoid the costs and hassles of bringing an individual action against a defendant." *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 358 (N.D. Ill. 1998). Accordingly, a class action is the superior method of adjudicating these claims.

## CONCLUSION

For the foregoing reasons, Levin's Motion for Class Certification is granted.

Dated: November 19, 2003

JOHN W. DARRAH
United States District Judge

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN LEVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 03 C 2160 |
| | ) | |
| KLUEVER & PLATT, LLC | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |

**DOCKETED NOV 19 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allen Levin ("Levin"), filed suit against Defendant, Kluever & Platt, LLC ("Kluever"). Levin alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the Act"). Presently before the Court is Levin's Motion for Class Certification. For the reasons that follow, that motion is granted.

## BACKGROUND

On August 30, 2003, Kluever filed a foreclosure suit against Levin on behalf of the holder and servicer of Levin's mortgage loan. The service of the summons and the complaint was the first communication Levin had with Kluever. The first page of the complaint and summons stated that Levin must answer the complaint within thirty days after the service of the summons. The first page also stated that "IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAYBE [sic] TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT . . . ." The eighth page of the foreclosure complaint filed by Kluever against Levin contained notices required under 15 U.S.C. § 1692g. Nothing in the whole packet received